IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FILED**
**U.S. District Court**
**District of Kansas**
09/02/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

CARMEN CRUZ RODRIGUEZ, )
)
Petitioner, )
)
v. ) Case No. 26-3269-JWL
)
MISTY MACKEY, Warden, )
Midwest Regional Reception Center; )
SAMUEL OLSON, Field Office Director, ICE; )
TODD LYONS, Acting Director, ICE; )
MARKWAYNE MULLIN, Secretary, DHS; and )
TODD BLANCHE, Acting Attorney General, )
)
Respondents. )
)
)

**MEMORANDUM AND ORDER**

Petitioner, acting *pro se*, filed a petition for habeas corpus under 28 U.S.C. § 2241, by which she challenges her detention by immigration officials. For the reasons set forth below, the Court **denies** the petition.

Petitioner is a native of Cuba who was admitted to the United States in 2017 as a lawful permanent resident. In 2024, petitioner was convicted of a drug trafficking offense in Louisiana state court. Custody of petitioner was transferred to immigration officials on November 7, 2025. On February 9, 2026, the immigration court ordered petitioner's removal. On March 6, 2026, petitioner appealed that order to the Board of Immigration Appeals (BIA); the BIA issued a briefing schedule, petitioner has filed her brief, and the appeal remains pending. Petitioner is confined within this judicial district. On July 29,

2026, petitioner filed the instant habeas action; respondents have filed an answer, and petitioner has filed a reply brief, and the matter is therefore ripe for ruling.

In her first claim, petitioner asserts that she has been detained beyond the removal period set by 8 U.S.C. § 1231(a) (during which time detention is mandatory).[1] Petitioner's removal period under that statute has not yet begun, however, as she has appealed to the BIA and therefore her removal order has not become administratively final. *See id.* § 1231(a)(1)(B)(i); 8 C.F.R. § 1241.1(a). Thus, petitioner is not being detained pursuant to Section 1231, and this claim therefore fails.[2]

Petitioner also claims in her petition that her mandatory detention while her BIA appeal is pending has become unreasonably prolonged in violation of due process. Respondents have confirmed that petitioner is presently detained pursuant to 8 U.S.C. § 1226(c), which mandates detention for certain criminal aliens. This Court has concluded that Supreme Court precedent does not preclude consideration of an as-applied due process challenge to detention under Section 1226(c) without a bond hearing. *See, e.g.*, *Nguyen v. Carter*, 2026 WL 522650, at *2 (D. Kan. Feb. 25, 2026) (Lungstrum, J.). In addressing such a challenge, the Court has considered the following six factors:

> (1) the total length of detention to date; (2) the likely duration of future detention; (3) the conditions of detention; (4) delays in the removal proceedings caused by the detainee; (5) delays in the removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal.

---

[1] Petitioner's citation to 8 U.S.C. § 1281(a) appears to be a typographical error, as Section 1231(a) defines the removal period, and Section 1281(a), relating to aliens serving as crew members on vessels, is not relevant here.

[2] In addition, petitioner appears to have abandoned this claim in her reply.

*See id.*

Petitioner argues for application of these factors in this case. The Court concludes, however, that the factors, considered together, do not weigh in favor of petitioner and her claim of a due process violation based on her detention without a bond hearing. Petitioner has been detained by immigration officials for less than 10 months. While it is unknown when petitioner's appeal will be resolved, the appeal has thus far proceeded fairly expeditiously, and briefing is completed. Petitioner has not shown that the present conditions of her confinement are atypical or particularly harsh. Petitioner has not shown that the Government engaged in misconduct or acted in bad faith to delay the removal proceedings. Finally, petitioner has not shown that she is likely to prevail before the BIA, and thus it is likely that her removal proceedings will result in an order of removal. As a whole, these factors do not weigh against the Government as much as they did in *Nguyen*, in which the Court granted relief, as in that case the petitioner had been detained for nearly 21 months and had prevailed before the immigration judge, with the Government taking the appeal to the BIA. *See id.* at *2-3. Rather, the case presents circumstances similar to those in *Soto Vilchez v. Blanche*, 2026 WL 1978620 (D. Kan. July 9, 2026) (Lungstrum, J.), in which the Court denied relief despite detention lasting more than 19 months. *See id.* at *3.

Considering the relevant factors as discussed above, the Court finds that petitioner's detention without a bond hearing has not yet become unreasonable and is still supported by a purpose to effect removal. The Court therefore concludes that petitioner has not shown

a violation of due process with respect to her detention, and accordingly, it denies this claim.[3]

Finally, petitioner lists "conditions of confinement" as a ground for relief in her petition, although it is not clear whether she is asserting a separate claim challenging the conditions of her confinement or whether she is citing such conditions in support of her due process claim. Petitioner has not addressed such a claim in her reply brief. At any rate, a claim concerning the conditions of confinement is not properly addressed in a habeas action, *see Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011), and the Court therefore denies any such separate claim asserted by petitioner.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **denied**.

IT IS SO ORDERED.

Dated this 2nd day of September, 2026, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge

[3] Of course, if the appeal to the BIA drags on for an unreasonable period of time or if other circumstances change to alter the consideration of the applicable factors, petitioner would be free to file a new petition seeking a bond hearing.